NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DEAN SMITH, on behalf of himself and Others similarly situated, | : : : : |
| Plaintiff, | : **OPINION** : |
| v. | : Civ. No. 07-4255 (WHW) : : |
| Michael Harrison, Esquire, | : : |
| Defendant. | : : |

**Walls, Senior District Judge**

Plaintiff Dean Smith brings this class action against Defendant Michael Harrison, Esq., alleging that Defendant's debt collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA"). Defendant has moved to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6). The motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78 and is denied.

**BACKGROUND**

Plaintiff is an individual who resides in Woolwich Township, Gloucester County, New Jersey. (Amended Complaint, Smith v. Harrison, No. 07-4255, at ¶ 2 (D.N.J. Oct. 22, 2007) ("Am. Compl.").) Defendant is an attorney who "represents Cape Emergency Physicians." (Def.s' Brief in Support of Motion to Dismiss, Smith v. Harrison, No. 07-4255, at p. 2 (D.N.J. Nov. 8, 2007) ("Def.s' Br.").) Cape Emergency Physicians is a medical services provider that provided medical services to Plaintiff around June 25, 2006 and July 15, 2006. (Id.)

NOT FOR PUBLICATION

On May 22, 2007, Defendant sent two collection letters to Plaintiff.  (Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss, Smith v. Harrison, No. 07-4255, at Ex. 1 (D.N.J. Nov. 26, 2007) ("Pl.s' Opp. Br.").)  Both collection letters were dated May 22, 2007, identified "Cape Emergency Physicians" as the provider and Plaintiff as the patient.  (Id.)  Both collection letters are identical in all respects except for the account number and the balance owed.  (Id.)  The first letter, with the account number "BT455038171", indicated that Plaintiff owed Cape Emergency Physicians $264.00.  (Id.)  The second letter, with the account number "BT454695871", indicated that Plaintiff owed Cape Emergency Physicians $364.00.  (Id.)  Confused by the different amounts in the collection letters, Plaintiff called Defendant's office and his health insurance provider to ascertain how much he owed Cape Emergency Physicians.  (Id. at ¶ 16.)  Plaintiff alleges that Defendant's debt collection practices violate the FDCPA.  (Id. at ¶¶ 17, 30.)

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party.  Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).  The Supreme Court has recently clarified the Rule 12(b)(6) standard in Bell Atlantic v. Twombly, 550 U.S. --, 127 S. Ct. 1955, 1965 (2007).  A complaint will survive a motion under Rule 12(b)(6) if it states plausible grounds for plaintiff's entitlement to the relief sought.  Id. at 1965-66 (abrogating Conley's standard that the "complaint

**NOT FOR PUBLICATION**

should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove <u>no set of facts</u> in support of his claim which would entitle him to relief"; <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957) (emphasis added)).  This "entitlement to relief" requires "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  <u>Id.</u> at 1964-65.  In other words, it must contain sufficient factual allegations to raise a right to relief above the speculative level.  <u>Id.</u>

     While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegation.  <u>Miree v. DeKalb County, Ga.</u>, 433 U.S. 25, 27 n.2 (1977).  Moreover, the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist.  Fed. R. Civ. P. 8(a)(2); <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  In addition to the allegations of the Complaint, the Court may consider documents attached to or specifically referenced in the Complaint, and matters of public record, without converting the motion to dismiss into one for summary judgment.  <u>See Mele v. Fed. Reserve Bank of N.Y.</u>, 359 F.3d 251, 255 n.5 (3d Cir. 2004); <u>Sentinel Trust Co. v. Universal Bonding Ins. Co.</u>, 316 F.3d 213, 216 (3d Cir. 2003).  "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them."  <u>Id.</u>  Any inquiry beyond the complaint and documents integral to the complaint may require conversion of the motion into one for summary judgment.  Fed. R. Civ. P. 12(b).

NOT FOR PUBLICATION

## DISCUSSION

Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). District courts should "construe [the FDCPA's] language broadly, so as to effect its purpose" because the FDCPA is a remedial statute. Brown v. Card Serv. Ctr., 464 F.3d 450, 453 (3d Cir. 2006). A debt collector's communications are analyzed "from the perspective of the least sophisticated debtor" or least sophisticated consumer. Id. at 453. "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Id.

Specifically, the section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Section 1692e lists sixteen prohibited practices of which subsection 1692e(3) is relevant here. "The FDCPA prohibits a debt collector from 'false[ly] represent[ing] or impl[ying] that any individual is an attorney or that any communication is from an attorney' if, in fact, no attorney reviewed the debt." Martsolf v. JBC Legal Group, P.C., No. 04-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008) (quoting 15 U.S.C. § 1692e(3)). Plaintiff's central allegation is that Defendant sent him two debt collection letters from an attorney without any meaningful attorney review in violation of section 1692e(3) of the FDCPA.

**NOT FOR PUBLICATION**

Here, the first inquiry is whether the debt collection letters indicate a level of attorney involvement. The Second Circuit has held that:

> a letter sent on law firm letterhead, standing alone, does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is, therefore, misleading within the meaning of the FDCPA.

Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005). Defendant's letters indicate that the letters were sent from an attorney. The top right corner of the front of each letter provides Defendant's mailing address with "ATTORNEY AT LAW":

> MICHAEL HARRISON
> ATTORNEY AT LAW
> 3155 ROUTE 10 EAST - SUITE 214
> DENVILLE, NJ 07834

(Pl.s' Opp. Br., at Ex. 1). The bottom of the front of each letter provides Defendant's name and the suffix of "ESQ.", designating Defendant as a licensed attorney:

> MICHAEL HARRISON ESQ.
> 3155 ROUTE 10 EAST - SUITE 214
> DENVILLE, NJ 07834

(Id.) The Court finds that the least sophisticated debtor would believe that an attorney was involved with the drafting and sending of Defendant's debt collection letters.

Defendant does not dispute that the inclusion of "ATTORNEY AT LAW" and "ESQ." in the letters would indicate some level of attorney involvement. Rather, Defendant moves to dismiss Plaintiff's complaint as a matter of law, arguing that by including an appropriate disclaimer in the letters, Defendant did not deceive, mislead or falsely represent to Plaintiff that

NOT FOR PUBLICATION

an attorney has reviewed his account in violation of the FDCPA. The reverse side of the letters provide the following disclaimer:

> IN ACCORDANCE WITH THE FAIR DEBT COLLECTION PRACTICES ACT YOU ARE HEREBY ADVISED THAT THIS COMMUNICATION IS NOT INTENDED TO IMPLY THAT AN ATTORNEY HAS REVIEWED THE DETAILS OF YOUR ACCOUNT PRIOR TO THE SENDING OF THIS NOTICE. THIS OFFICE IS RELYING UPON THE REPRESENTATION OF THE CREDITOR THAT YOU OWE THE AMOUNT CLAIMED.

(Id.) Defendant argues that because this disclaimer advised the debtor not to imply that an attorney reviewed the debtor's account, Defendant was not required to conduct a meaningful attorney review of Plaintiff's account.

Defendant refers to the Second Circuit decision in Greco for support. 412 F.3d 360 (2d Cir. 2005). In Greco, the Second Circuit affirmed the district court's dismissal of Plaintiff's FDCPA action. The Second Circuit agreed that defendants' letter included a clear disclaimer that even the least sophisticated debtor would understand that "no attorney had yet evaluated his or her case, or made recommendations regarding the validity of the creditor's claims." Id. at 365. If the communication was clear, then "defendants had not used any 'false, deceptive, or misleading representation or means in connection with the collection of any debt,' 15 U.S.C. § 1692e, including the 'false representation or implication that any individual is an attorney or that any communication is from an attorney,' 15 U.S.C. § 1692e(3), with meaningful involvement as an attorney in the debtor's case." Id.

Plaintiff advances several arguments that Defendant's collection letters violate section 1692e(3) of the FDCPA. Plaintiff's best argument is that Defendant's collection letters are

NOT FOR PUBLICATION

riddled with contradictions.[1]  The Court agrees with Plaintiff that Defendant's debt collection letters could confuse the least sophisticated debtor.  When an attorney sends a debt collection letter to the least sophisticated debtor, the question in the debtor's mind is whether the attorney has <u>in fact</u> reviewed his account or to what degree.  To answer that question, the letter should state simply that no attorney has reviewed the debtor's account or if an attorney has reviewed that account, to what degree.  In <u>Greco</u>, the defendants communicated in simple and unequivocal terms that "at this time, <u>no</u> attorney with this firm has personally reviewed the particular circumstances of your account."  <u>Greco</u>, 412 F.3d at 365 (emphasis added).

From the viewpoint of the least sophisticated debtor, Defendant's disclaimer is written in legalese.  Defendant communicates in a convoluted manner that "YOU ARE HEREBY <u>ADVISED</u> THAT THIS COMMUNICATION IS <u>NOT INTENDED TO IMPLY</u> THAT AN ATTORNEY HAS REVIEWED THE DETAILS OF YOUR ACCOUNT."  (Pl.s' Opp. Br., at Ex. 1 (emphasis added).)  An attorney advising the least sophisticated debtor that he should not imply that an attorney reviewed his account is like asking someone not to think about pink elephants.  From the least sophisticated debtor's perspective, a debt collection letter from an attorney would imply that an attorney has reviewed the debtor's account at some level.  While Defendant's disclaimer advises the debtor not to imply that an attorney has reviewed his account, the answer to whether an attorney did <u>in fact</u> reviewed his account is no or yes at some level.  A

---

[1] Plaintiff acknowledges that under Second Circuit law, attorneys may disclaim any involvement in the debt collection process if the disclaimer is clear. (Pl.s' Opp. Br. at 10.)  Nevertheless, Plaintiff argues that under general, ethical obligations for attorneys, attorneys "cannot disclaim their obligations to adequately assess facts and circumstances before acting."  (<u>Id.</u> at 4.)  This argument is not supported by case law and will not be addressed in this Opinion.

**NOT FOR PUBLICATION**

debt collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000). Here, there is sufficient ambiguity in Defendant's debt collection letter that the least sophisticated debtor could believe that an attorney has reviewed the debtor's account. Construing section 1692e(3) of the FDCPA liberally and under the standard of the least sophisticated debtor, the Court finds that Plaintiff has stated a claim under the FDCPA.

## CONCLUSION

Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) is denied. Finally, Defendant requests that this Court deny Plaintiff's application to certify the class and sanction Plaintiff for bringing a frivolous lawsuit under Fed. R. Civ. P. 11. Because Plaintiff has not moved for class certification, Defendant's motion to deny class certification is premature. Defendant's request for sanctions is denied.

July 7, 2008                                                           **s/William H. Walls**
                                                                        United States Senior District Judge